IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JEFF STRONG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Case No.   05-337-MJR |
| vs. | ) | |
| | ) | |
| OLD STATEHOUSE | ) | |
| HOSPITALITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2). Pursuant to 28 U.S.C. § 1915, the Court may authorize the commencement of any civil action without prepayment of filing fees by a person who is unable to pay those fees. However, the Court shall dismiss the case if the allegation of poverty is untrue or the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(a)(1), (e)(2).

A hearing on plaintiff's motion was conducted on August 16, 2005. Plaintiff is not employed, has no assets of substantial value, and receives no income. His living expenses are paid by his mother, who receives supplemental security income benefits on his behalf. The evidence regarding plaintiff's financial status supports a finding that plaintiff is not able to prepay the filing fee.

Plaintiff is 36 years old and alleges that he suffered a traumatic brain injury when he was 18. He subsequently obtained a college degree in business administration. However, due to the injury,

he requires a little extra time to learn some new things and has a "flat face," which makes it difficult for others to perceive and understand some verbal and nonverbal responses. He was employed as an executive housekeeper by Old Statehouse Hospitality, also known as Days Inn, in November, 2003. He understood and followed his instructions and was learning his duties but lost the job after only three 1/2 days of work. He contends that he could have performed his tasks as expected if he had received the usual 5 days to learn the job.

Plaintiff also alleges that he contacted the Illinois Department of Human Services, which was responsible for helping him find a job, and asked for help with the Days Inn job. He alleges that he could have held the job if the state agency had made a competent effort to advocate on his behalf by contacting Old Statehouse Hospitality/Days Inn and either helping his employer understand the nature of his disability or suggesting additional job training as a possible accommodation for learning delay caused by his disability. His requests for assistance were ignored. Plaintiff seeks compensatory and injunctive relief.

The allegations suggest that plaintiff may have a valid claim that his former employer, the Old Statehouse Hospitality/Days Inn, violated statutory rights granted by the Americans with Disabilities Act. The ADA prohibits an employer from discriminating against a qualified individual with a disability because of the disability. *Silk v. City of Chicago,* 194 F.3d 788, 798 (7th Cir.1999).

Plaintiff's allegations do not state a claim for relief against an agency of the State of Illinois. Allegations of employee incompetence do not support a claim under § 504 of the Rehabilitation Act, and sovereign immunity protects an agency of the State of Illinois from liability under the ADA. *Board of Trustees of the Univ. of Alabama v. Garrett*, 531 U.S. 356 (2001).

IT IS RECOMMENDED that plaintiff's motion for leave to proceed in forma pauperis (Doc.

-3-

No. 2) be GRANTED.

IT IS FURTHER RECOMMENDED that plaintiff's claim against the Illinois Department of Human Services be DISMISSED pursuant to § 1915(e)(2).

Because Days Inn has appeared in this action without contesting the sufficiency of service, there is currently no need to appoint the Marshals Service or direct service of process.

**SUBMITTED:**     August 24, 2005     .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**
