IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JEFF STRONG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05-cv-0337-MJR |
| | ) |
| OLD STATEHOUSE HOSPITALITY, | ) |
| DAYS INN, and | ) |
| ILLINOIS DEPARTMENT OF | ) |
| HUMAN SERVICES, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This case concerns alleged discrimination under the Americans with Disabilities Act ("ADA"), **42 U.S.C. § 12101** *et seq.*, and the Rehabilitation Act, **29 U.S.C. § 701** *et seq.* Plaintiff, Jeff Strong, who has a permanent brain injury resulting in disability, claims that he lost employment due to incompetence of the Illinois Department of Human Services ("DHS") (Doc. 1). Strong claims that he did not receive satisfactory assistance from DHS in finding a job, and so he found one on his own. The job he found in 2003 was at the Days Inn operated by Old Statehouse Hospitality, where he was to work as a housekeeper. He claims he was fired after three days for inability to learn the job (whereas, he claims, most new hires are given five days), for being unresponsive and for failure to follow instructions. He claims that under the ADA, Days Inn and Old Statehouse should have accommodated his brain injury by providing extra time and assistance and that DHS should have helped him obtain this accommodation. He requests various relief, including reinstatement, back pay, and unspecified relief from DHS.

Strong moved to proceed in forma pauperis (Doc. 2). That motion was referred to

United States Magistrate Judge Phillip M. Frazier. The undersigned District Judge also requested that Magistrate Judge Frazier examine the possibility of a claim against Illinois DHS, which is required by **28 U.S.C. § 1915(e)(2)(B)**. *See Hutchinson ex rel. Baker v. Spink*, **126 F.3d 895, 899 (7th Cir. 1997);** *see also Lee v. Clinton*, **209 F.3d 1025, 1026 (7th Cir. 2000).** While the motion was pending, Strong twice moved to order the U.S. Marshals Service to serve summons on Defendants (Docs. 14, 17). Strong also has moved twice to amend his complaint (Docs. 37, 38), though the latter contained no additional counts against any Defendant.

On August 25, 2005, Magistrate Judge Frazier returned a Report and Recommendation (Doc. 31). The Report recommended that Strong's motion to proceed in forma pauperis be granted and that his claim against the Illinois Department of Human Services be dismissed for failure to state a claim for which relief can be granted pursuant to **Fed. R. Civ. P. 12(b)(6)** and **28 U.S.C. § 1915(a)(1) and (e)(2)(B)(ii) and (iii)**. The Report noted that Strong could not state a claim against the Illinois Department of Human Services because such a claim was barred by the Eleventh Amendment to the U.S. Constitution. The Report also noted that Days Inn and Old Statehouse Hospitality have appeared and undertaken their defenses without challenging the sufficiency of service, therefore there is no need to direct service of process. Objections to the Report and Recommendation were due by September 14, 2005.

On September 9, 2005, Strong filed a motion to reconsider (Doc. 34), which this Court construes as an objection to the Report and Recommendation. On September 14, 2005, Strong filed an additional motion to reconsider (Doc. 35), which this Court also construes as an objection. Both objections are timely.

On November 23, 2005, Strong filed a "motion to strike" most of the Report and

Recommendation (Doc. 42), which appears to be an additional objection. On December 2, 2005, Strong filed a "brief," which also appears to be an objection (Doc. 43). These two objections are untimely and disregarded by the Court. Strong's objection was to the recommendation that his claim against Illinois DHS be dismissed.

Because timely objections were filed, this Court must review *de novo* those portions of the Report to which specific objections have been made. **28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b); Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992).** The Court may accept, reject, or modify the recommended decisions, or recommit the matter to the Magistrate Judge with instructions. **Fed. R. Civ. P. 72(b); Local Rule 73.1(b); *Willis v. Caterpillar, Inc.*, 199 F.3d 902, 904 (7th Cir. 1999).**

Congress explicitly incorporated into Title II of the ADA (concerning discrimination in providing public services) the rights, procedures, and remedies available under the Rehabilitation Act. Thus there is no need to consider them separately. *See* **42 U.S.C. § 19133; *Marisol A. ex rel. Forbes v. Giuliani*, 992 F. Supp. 662 (S.D.N.Y. 1996).** Recently, the United States Supreme Court decided in ***Bd. of Trs. of the Univ. Of Alabama v. Garrett*, 531 U.S. 356 (2001)** that Congress did not have the authority to abrogate state immunity under the Eleventh Amendment to the extent that it might subject states to liability for monetary damages in suits brought under the ADA. Strong asserts that his claims under Titles II and III of the ADA, which do not seek monetary damages from DHS, are not barred by the Eleventh Amendment. He is correct that, in general, claims against state or municipal entities under Titles II and III of the ADA are not barred by the Eleventh Amendment, because Congress specifically abrogated the states' Eleventh Amendment immunity in the text of the ADA, **42 U.S.C. § 12202**, and the Supreme Court ruled that this was in many cases a valid

3

abrogation under **Amend XIV § 5** of the U.S. Constitution, *Tennessee v. Lane*, **541 U.S. 509 (2004).** But Title II requires only that "no qualified individual with a disability shall, by reason of such disability, be *excluded from participation in or be denied the benefits of* the services, programs or activities of a public entity, or be subjected to discrimination by any such entity." **42 U.S.C. § 12132 (emphasis added);** *see also Lane*, **541 U.S. at 513.** The Seventh Circuit has ruled that Title II does *not* require that a state perform any particular services on behalf of the disabled. *See Walker v. Snyder*, **314 F.3d 344, 346-47 (2000),** *cert. denied*, **531 U.S. 1190 (2001).** The Supreme Court has not ruled on this issue.

Thus, Strong has not stated a valid claim against DHS for several reasons. First, according to Strong's complaint, he sought his former job at Days Inn without the help of DHS. (Docs. 1, 34). Although the website where Strong claims to have found his job, IllinoisSkillsMatch.com, is a service of the state, DHS was in no way involved in Strong's search for this particular job. While Strong asserts that DHS failed to help him when Days Inn terminated his employment, this is insufficient to support a claim against DHS, because even if true it would not show that DHS would have or could have helped him *but for* his disability. *See* **28 C.F.R. § 35.130(b);** *Washington v. Indiana High Sch. Athletic Ass'n*, **181 F.3d 840, 843;** *see also Does 1-5 v. Chandler*, **83 F.3d 1150, 1154 (9th Cir. 1996);** *Sandison v. Michigan High Sch. Athletic Ass'n*, **64 F.3d 1026, 1036-37 (6th Cir. 1995).**

Second, Strong's claim against DHS seems to rest mostly on his assertion that he found a much more suitable job for himself in St. Louis in 1995 and/or 1996, but that DHS was incompetent or unable to assist him in securing that job, unleashing a chain of events that eventually led to his seeking the job at Days Inn in 2003. This chain of causation is far too speculative.

Further, DHS' performance, or lack thereof, in 1995 is irrelevant in determining whether it played a role in alleged discrimination regarding the Days Inn job in 2003.

Third, it appears that Strong has already at least *thrice* brought suit against in the United States District Court for the Central District of Illinois alleging discrimination by pleading many of the same facts and allegations against DHS that he pleads in this case. *See Strong v. Illinois Vocational Rehabilitation*, No. 03-01244 (C.D. Ill. 2003); *Strong v. Illinois Vocational Rehabilitation*, No. 03-02061 (C.D. Ill. 2003); *Strong v. Illinois Vocational Rehabilitation*, No. 03-03123 (C.D. Ill. 2003); *Strong v. Illinois Rehabilitation*, No. 01-02125 (C.D. Ill. 2001), *aff'd sub nom Strong v. Illinois Dep't of Rehabilitation Servs.*, 2002 U.S. App. LEXIS 15699 (7th Cir. 2002) (unpublished opinion), *cert. denied*, 2003 U.S. LEXIS 969 (2003) (unpublished opinion). He has further filed *six* suits against the Judges of the Central District of Illinois who have handled his cases, and two against the United States government, each time alleging either incompetence, corruption, or unconstitutional policies. *See Strong v. McDade*, No. 03-01344 (C.D. Ill. 2003); *Strong v. Baker*, 03-02083 (C.D. Ill. 2003); *Strong v. McCuskey*, 03-02131 (C.D. Ill. 2003); *Strong v. Mills*, 03-03173 (C.D. Ill. 2003); *Strong v. McCuskey*, 03-03175 (C.D. Ill. 2003); *Strong v. United States Gov't*, 04-01188 (C.D. Ill. 2004); *Strong v. United States Gov't*, 04-02112 (C.D. Ill. 2004); *Strong v. Mills*, 04-02158 (C.D. Ill. 2004).* Even more ridiculously, he has filed six suits in the Southern District of Illinois against various Judges of the Central District of Illinois. *See Strong v. Baker*, No. 03-0358 (S.D. Ill. 2003); *Strong v. Mills*, No. 03-0608 (S.D. Ill. 2003); *Strong v. McCuskey*, 03-0642 (S.D. Ill. 2003); *Strong v. McCuskey*, No. 03-0776 (S.D. Ill. 2003); *Strong v. McDade*, 03-4212 (S.D. Ill. 2003); *Strong v. Mills*, No. 04-0597 (S.D. Ill. 2004).* Those suits, and the case at bar, are repeated obstinate attempts to obtain relief from the State

5

of Illinois to which Strong is simply not entitled. Apparently Strong believes that if he files his complaints under dozens of names, makes threats and accusations of corruption, and files in every conceivable court in Illinois, he will eventually fool someone into thinking he has filed a new and meritorious case. The principle of *res judicata* has been applied in those previous cases, and it applies with even greater force in the instant action. No matter how many remonstrances, allegations of corruption, and citations to books espousing conspiracy theories, and despite his attempts at forum-shopping, Strong has no case against DHS.

Accordingly, the Court **ADOPTS** Magistrate Judge Frazier's Report and Recommendation (Doc. 31). Strong's motion to proceed in forma pauperis (Doc. 2) is hereby **GRANTED**. The claim against the Illinois Department of Human Services is **DISMISSED with prejudice**, and the Department is **TERMINATED** as a Defendant in the case.

Two Defendants, Old Statehouse Hospitality and Days Inn, remain in the case. The Court notes that Strong's filings thus far have been difficult to follow and have often not stated exactly the relief requested. Strong is **ORDERED** to file an amended complaint, **on or before January 13, 2006**, detailing *precisely* the claims he wishes to state against these two defendants, numbering each claim separately, stating *exactly* the relief he requests, without further unnecessary content. Strong shall **not** reiterate dismissed claims against DHS in his amended complaint, nor shall he attempt to introduce evidence or argue the facts of the case (which he will have the opportunity to do if and when the case proceeds). Because these Defendants have appeared to undertake their defense, there is no need to serve summons, and Strong's motions to do so (Docs. 14, 17) are **DENIED AS MOOT**.

Because the Court has dismissed Strong's claim against DHS, Strong's motions to

subpoena various DHS and Illinois officials (Docs. 16, 19, 21, 22, 23, 28), Strong's motion to amend his complaint (Doc. 38), Strong's motion for default judgment (Doc. 40), and Strong's mistitled "motion to strike" Magistrate Judge Frazier's Report and Recommendation (Doc. 42) all are **DENIED AS MOOT**.  Strong's motion to amend his complaint (Doc. 37) is **GRANTED IN PART and DENIED IN PART**; specifically, that motion is granted to the extent that it clarifies claims made against remaining Defendants and denied to the extent that it makes any claim against DHS.

Finally, DHS' motion for leave to file instanter a motion to dismiss Strong's complaint (Doc. 45) is **DENIED AS MOOT** because DHS has been terminated as a Defendant despite not having previously replied.

**IT IS SO ORDERED.**

**DATED this 21st day of December, 2005.**

> s/Michael J. Reagan
> **MICHAEL J. REAGAN**
> **United States District Judge**